UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENZEL DILLARD,)
)
    Plaintiff,)
)
v.)
) Case No. 11 C 3362
CHICAGO STATE UNIVERSITY,)
) Judge John W. Darrah
    Defendant.)

## MEMORANDUM OPINION AND ORDER

Plaintiff Denzel Dillard filed a Complaint against Chicago State University ("CSU"), alleging sex and disability discrimination, failure to promote, harassment, and retaliation. CSU has filed a Motion to Dismiss Dillard's Complaint, which, for the reasons stated below, is granted.

## BACKGROUND

The following facts are drawn from Dillard's Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Dillard was a building services worker employed by CSU. (Compl. Ex. A at 2.) On or about November 1, 2008, he was terminated from his employment due to an alleged confrontation with a dean. (*Id.* ¶ 5.) On May 4, 2009, Dillard filed charges against CSU with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), alleging gender and disability discrimination. (*Id.*, Ex. A at 1-2.) The EEOC issued a right-to-sue letter to Dillard on

February 18, 2011. (*Id.* Ex. A at 1.) Plaintiff filed his Complaint on May 18, 2011, against CSU, alleging sex and disability discrimination, failure to promote, harassment, and retaliation. (*Id.* ¶¶ 9, 12.)

On June 14, 2011, Dillard was appointed counsel. (Dkt. No. 7.) On September 7, 2011, CSU filed the Motion to Dismiss and a briefing schedule regarding CSU's Motion was set at an in-court status hearing on January 17, 2012. (Dkt. Nos. 16, 32.) On November 17, 2011, Dillard's counsel's motion to withdraw was granted and Dillard was advised that no new counsel would be appointed. (Dkt. No. 28.) Dillard filed a *pro se* appearance on the same day. (Dkt. No. 29.) CSU's Motion to Dismiss was continued to December 14, 2011. (Dkt. No. 28.)

At the status hearing on December 14, 2011, Dillard failed to appear and a minute entry was entered stating that if Dillard failed to appear at the next status hearing on January 17, 2012, his case would be dismissed for want of prosecution. (Dkt. No. 30.) On January 17, 2012, Dillard appeared and an amended briefing schedule was entered regarding Local 73's Motion to Dismiss. (Dkt. No. 31.) Dillard failed to respond and the Court set a status hearing, requiring Dillard to appear on February 16, 2012. (Dkt. No. 32.) Dillard failed to appear at this status hearing. (Dkt. No. 33.)

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526

F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*Iqbal*). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

Dillard's failure to respond to CSU's Motion operates as a waiver or forfeiture. *Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005) (where plaintiff "did not present legal arguments or cite relevant authority to substantiate [his] claim in responding to defendants' motion to dismiss," his "claim has been waived"); *Rosen v. Mystery Method, Inc.*, No. 07 C 5727, 2008 WL 723331, at *6 (N.D. Ill. Mar. 14, 2008). Dillard's failure to respond is a sufficient basis within itself to grant CSU's Motion to Dismiss. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("by failing to respond responsively to the motion to dismiss . . . [plaintiff] forfeited her right to continue litigating her claim"); *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d

1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants.") (internal citations omitted).

CSU's Motion to Dismiss also succeeds on the merits. In his Complaint, Dillard alleges that CSU discriminated against him, failed to promote him, harassed him, and retaliated against him on the basis of his sex and alleged disability because he was "discharged [based] on an alleged confrontation with the dean of the university, but no documentation was provided which verified Respondent's reason for discharge." (Compl., Ex. A.)

"Generally, a Title VII plaintiff may bring only those claims that were included in her EEOC charge . . . or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996). This policy is in place in order to allow the parties to settle the dispute out of court and to give the employer some notice of the conduct about which the employee is aggrieved. *Id.* at 481-82. In his EEOC charge, Dillard raised only sex and disability discrimination claims. Moreover, Dillard's claim is not "like or reasonably related" to the allegations in Dillard's EEOC charge, which are narrowly focused on a sex and disability discrimination claim. Accordingly, Dillard's claim is dismissed.

To the extent that Dillard's Complaint is liberally construed as alleging sex discrimination and disability discrimination claims, Dillard's Complaint fails to state a claim. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A plaintiff may establish a *prima facie* case for sex discrimination or disability discrimination using either the direct or indirect method. *See Coffman v. Indianapolis Fire Dep't*, 578 F.3d 559, 563 (7th Cir.

2009) (sex discrimination); *Dickerson v. Bd. of Trs.*, 657 F.3d 595, 601 (7th Cir. Sept. 16, 2011) (disability discrimination).[1]

With respect to both of Dillard's discrimination claims on the basis of sex and disability, Dillard has failed to provide a sufficient factual basis to establish a *prima facie* case under the direct method of proving discrimination. Dillard's Complaint and the attached right-to-sue letter from the EEOC contain threadbare recital of the elements of a cause of action that are not sufficient to state a claim. *See Iqbal*, 129 S.Ct. at 1949. Dillard has not included any direct or circumstantial evidence of discrimination from which the Court can infer discrimination using the direct method.

Dillard has also failed to establish a *prima facie* case using the indirect method. Dillard has failed to identify a single similarly situated employee outside of the protected class that was treated more favorably. *Hancock v. Potter*, 531 F.3d 474, 479 (7th Cir. 2008). Accordingly, to the extent Dillard alleges claims of discrimination on the basis of sex or disability, these claims are dismissed.

Finally, CSU's Motion is granted with prejudice. Under ordinary circumstances, a plaintiff is given leave to file an amended complaint if it is possible to rehabilitate any deficiencies discussed above. *See Foster v. DeLuca*, 545 F.3d 582, 584-85 (7th Cir.

---

[1] The direct method requires the plaintiff to present either direct or circumstantial evidence of intentional discrimination. *See Dickerson*, 657 F.3d at 601. Since employers are generally careful not to admit to intentional discrimination, most plaintiffs proceeding via the direct method do so by presenting circumstantial evidence. *Id.* To establish a *prima facie* case for discrimination using the indirect method, a plaintiff must prove: (1) he is a member of a protected class; (2) he was meeting his employer's legitimate employment expectations; (3) he suffered an adverse employment action; and 4) similarly situated employees who are not members of the protected class were treated more favorably. *Id.*

2008). But in this case, Dillard's failure to respond to CSU's Motion to Dismiss and failure to appear at two status hearings are treated as a forfeiture of his claims, as set out above. *See Martin v. Akerson*, No. 08 C 3812, 2009 WL 2848897, at *5 (N.D. Ill. Aug. 31, 2009) (dismissing plaintiff's claim with prejudice after he failed to respond to defendant's motion to dismiss). Accordingly, Dillard's claims are dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, CSU's Motion to Dismiss [14] is granted in its entirety with prejudice; and this case is hereby terminated.

Date: 3-1-12

JOHN W. DARRAH
United States District Court Judge